✓ FILED ___ LODGED
___ RECEIVED ___ COPY

2016 JUN 22 P 7 30

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona
   RYAN P. DEJOE
3  Assistant U.S. Attorney
   United States Courthouse
4  405 W. Congress Street, Suite 4800
   Tucson, Arizona 85701
5  Telephone: 520-620-7300
   Email: ryan.dejoe@usdoj.gov
6  Attorneys for Plaintiff

CR 16 - 1255 TUC JAS(DTF)

7          IN THE UNITED STATES DISTRICT COURT
8            FOR THE DISTRICT OF ARIZONA

9  United States of America,                    I N D I C T M E N T

10                          Plaintiff,           (UNDER SEAL)

11      vs.                                      Violations:

12  1. Luis Alfonso Acuna,                       21 U.S.C. § 846, 841(a)(1) and
       (Counts 1, 2, 5-8, Forfeiture)            (b)(1)(A)(ii)(II) and (b)(1)(A)(viii)
13                                                   (Conspiracy to Possess With Intent to
    2. Valentin Guizar,                          Distribute Methamphetamine and Cocaine)
       (Counts 1, 3-8, Forfeiture)                  Count 1
14
    3. David Galvan Haro,                        21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii)(II);
15     (Counts 1, 2, 7-8, Forfeiture)               (Possession with Intent to Distribute
                                                 Cocaine);
16  4. Adan Antonio Alvarez,                     18 U.S.C. §2
       (Counts 1, 5-7, Forfeiture)                  (Aiding and abetting)
17                                                  Counts 2,4,6
    5. Alfredo Acuna-Noriega,
18     (Counts 1, 4, 7, Forfeiture)             21 U.S.C. § 841(a)(1) and (b)(1)(C)
                                                    (Possession with Intent to Distribute
19  6. Cesar Armando Balganon,                   Cocaine)
       (Counts 1, 4, Forfeiture)                    Count 3
20
    7. Francisco Javier Espinoza-Flores,         21 U.S.C. §841(a)(1) and (b)(1)(A)(viii)
21     (Counts 1, 4)                                (Possession with Intent to Distribute
                                                 Methamphetamine;
22  8. Erika Yannett Moreno                      18 U.S.C. §2
       (Counts 1, 7, Forfeiture)                    (Aiding and abetting)
23                                                  Count 5
    9. Luis Alfonso Lopez
24     (Counts 1, 7, Forfeiture)                18 U.S.C. § 1956(h), 1956(a)(1)(B)(i)
                                                    (Conspiracy to Launder Monetary
25  10. Dania Celaya Rivera                      Instruments)
       (Counts 1, 7, Forfeiture)                    Count 7
26
    11. Fredericka Lockhart                      18 U.S.C. § 1956(h), 1956(a)(1)(A)(i)
27     (Counts 1, 6)                                (Conspiracy to Launder Monetary
                                                 Instruments)
28  12. Mark Anthony Ramos                           Count 8
       (Counts 1, 7, Forfeiture)

13. Liviel Jacinto
    (Counts 1, 7, Forfeiture)

14. Adam Antonio Alvarez, Jr.
    (Counts 1, 7, Forfeiture)

15. Francisco Javier Sanchez-Gaxiola
    (Counts 1, 7, Forfeiture)

                    Defendants.

21 U.S.C. § 853, 18 U.S.C. § 982
(Forfeiture Allegation)

**THE GRAND JURY CHARGES:**

## COUNT 1

From a time unknown until on or about April 12, 2016, at or near Tucson, in the District of Arizona, LUIS ALFONSO ACUNA, VALENTIN GUIZAR, DAVID GALVAN HARO, ADAN ANTONIO ALVAREZ, ALFREDO ACUNA-NORIEGA, CESAR ARMANDO BALGANON, FRANCISCO JAVIER ESPINOZA-FLORES, ERIKA YANNETT MORENO, LUIS ALFONSO LOPEZ, DANIA CELAYA RIVERA, FREDERICKA LOCKHART, MARK ANTHONY RAMOS, LIVIEL JACINTO, ADAM ANTONIO ALVAREZ, JR., and FRANCISCO JAVIER SANCHEZ GAXIOLA, did knowingly and intentionally combine, conspire, confederate and agree with each other and other persons known and unknown to the grand jury, to possess with intent to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, or 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii)(II), and 841(b)(1)(A)(viii).

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about July 21, 2015, at or near Tucson, in the District of Arizona, LUIS ALFONSO ACUNA and DAVID GALVAN HARO, did knowingly and intentionally possess with intent to distribute 500 grams or more, but less than 5 kilograms of cocaine, a Schedule II controlled substance; or did aid, abet, counsel, command, induce, procure,

1    or cause the same; in violation of Title 21, United States Code, Sections 841(a)(1) and

2    841(b)(1)(B)(ii)(II), and Title 18 United States Code, Section 2.

3                                    **COUNT 3**

4         On or about October 1, 2015, at or near Tucson, in the District of Arizona,

5    VALENTIN GUIZAR did knowingly and intentionally possess with intent to distribute a

6    quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule

7    II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1)

8    and 841(b)(1)(C).

9                                    **COUNT 4**

10        On or about November 24, 2015, at or near Tucson, in the District of Arizona,

11   VALENTIN   GUIZAR,   ALFREDO   ACUNA-NORIEGA,   CESAR   ARMANDO

12   BALGANON, and FRANCISCO JAVIER ESPINOZA-FLORES, did knowingly and

13   intentionally possess with intent to distribute 500 grams or more, but less than 5

14   kilograms of cocaine, a Schedule II controlled substance; or did aid, abet, counsel,

15   command, induce, procure, or cause the same; in violation of Title 21, United States

16   Code, Sections 841(a)(1) 841(b)(1)(B)(ii)(II), and Title 18 United States Code, Section 2.

17                                   **COUNT 5**

18        From on or about April 7, 2016, continuing through April 12, 2016, at or near

19   Tucson, in the District of Arizona, and Winter Haven, in the Middle District of Florida,

20   LUIS ALFONSO ACUNA, VALENTIN GUIZAR, and ADAN ANTONIO ALVAREZ,

21   did knowingly and intentionally possess with intent to distribute 500 grams or more of a

22   mixture or substance containing a detectable amount of methamphetamine, or 50 grams

23   or more of actual methamphetamine, a Schedule II controlled substance; or did aid, abet,

24   counsel, command, induce, procure, or cause the same in violation of Title 21, United

25   States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), and Title 18 United States Code,

26   Section 2.

27

28

## COUNT 6

From on or about April 7, 2016, continuing through April 12, 2016, at or near Tucson, in the District of Arizona, and Charlotte, in the Western District of North Carolina, LUIS ALFONSO ACUNA, VALENTIN GUIZAR, ADAN ANTONIO ALVAREZ, and FREDERICKA LOCKHART, did knowingly and intentionally possess with intent to distribute 500 grams or more, but less than 5 kilograms of cocaine, a Schedule II controlled substance; or did aid, abet, counsel, command, induce, procure, or cause the same; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II), and Title 18, United States Code, Section 2.

## COUNT 7

From a time unknown until on or about April 12, 2016, at or near Tucson, in the District of Arizona, LUIS ALFONSO ACUNA, VALENTIN GUIZAR, DAVID GALVAN HARO, ADAN ANTONIO ALVAREZ, ALFREDO ACUNA-NORIEGA, ERIKA YANNETT MORENO, LUIS ALFONSO LOPEZ, DANIA CELAYA RIVERA, MARK ANTHONY RAMOS, LIVIEL JACINTO, ADAM ANTONIO ALVAREZ, JR., and FRANCISCO JAVIER SANCHEZ GAXIOLA did knowingly combine, conspire, confederate and agree with each other and other persons known and unknown to the grand jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, drug trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

1    **COUNT 8**

2          From on or about July 21, 2015 and continuing through on or about April 7, 2016,

3    at or near Tucson, in the District of Arizona, LUIS ALFONSO ACUNA, VALENTIN

4    GUIZAR, DAVID GALVAN HARO, did knowingly combine, conspire, confederate and

5    agree with each other and other persons known and unknown to the grand jury, to commit

6    offenses against the United States in violation of Title 18, United States Code, Section

7    1956, to wit: to knowingly conduct or attempt to conduct a financial transaction, to wit,

8    mailing parcels containing narcotics through the United States Postal Service, which

9    involved the proceeds of a specified unlawful activity, that is drug trafficking, with the

10   intent to promote the carrying on of specified unlawful activity, to wit: drug trafficking,

11   and that while conducting and attempting to conduct such financial transaction knew that

12   the property involved in the financial transaction represented the proceeds of some form

13   of unlawful activity, in violation of Title 18, United States Code, Sections

14   1956(a)(1)(A)(i).

15         All in violation of Title 18, United States Code, Section 1956(h).

16   **FORFEITURE ALLEGATION**

17         Upon conviction of the controlled substances offense alleged in Count One of this

18   Indictment, defendants, LUIS ALFONSO ACUNA, VALENTIN GUIZAR, DAVID

19   GALVAN HARO, ADAN ANTONIO ALVAREZ, ALFREDO ACUNA-NORIEGA,

20   CESAR ARMANDO BALGANON, FRANCISCO JAVIER ESPINOZA-FLORES,

21   ERIKA YANNETT MORENO, LUIS ALFONSO LOPEZ, DANIA CELAYA RIVERA,

22   FREDERICKA LOCKHART, MARK ANTHONY RAMOS, LIVIEL JACINTO,

23   ADAM ANTONIO ALVAREZ, JR., and FRANCISCO JAVIER SANCHEZ GAXIOLA,

24   shall forfeit to the United States pursuant to Title 21, United States Code, Section 853:

25         (a)    All right, title, and interest in (1) any property, real or personal,

26   constituting, or derived from, any proceeds the defendants obtained, directly or indirectly,

27   as the result of the said violations, and (2) any property, real or personal, used, or

28

1  intended to be used, in any manner or part, to commit, or to facilitate, the commission of
2  the said violations;

3         (b)   .A sum of money equal to the amount of proceeds obtained as a result of the
4  offense, for which the defendants are jointly and severally liable.

5         Upon conviction of the money laundering offense alleged in Count Seven of this
6  Indictment, defendants, LUIS ALFONSO ACUNA, VALENTIN GUIZAR, DAVID
7  GALVAN HARO, ADAN ANTONIO ALVAREZ, ALFREDO ACUNA-NORIEGA,
8  ERIKA YANNETT MORENO, LUIS ALFONSO LOPEZ, DANIA CELAYA RIVERA,
9  MARK ANTHONY RAMOS, LIVIEL JACINTO, ADAM ANTONIO ALVAREZ, JR.,
10  and FRANCISCO JAVIER SANCHEZ GAXIOLA shall forfeit to the United States
11  pursuant to Title 18, United States Code, Section 982, all property, real and personal,
12  involved in the money laundering offense and all property traceable to such property,
13  including but not limited to a sum of money equal to $283,765.00 in United States
14  currency, representing the sum of money involved in the conspiracy to commit money
15  laundering in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and
16  1956(h), for which the defendants are jointly and severally liable.

17        If any of the forfeitable property, as a result of any act or omission of the
18  defendants: (1) cannot be located upon the exercise of due diligence; (2) has been
19  transferred or sold to, or deposited with, a third party; (3) has been placed beyond the
20  jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been
21  commingled with other property which cannot be divided without difficulty; it is the
22  intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and
23  Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of
24  said defendants up to the value of the above forfeitable property, including but not
25  limited to all property, both real and personal, owned by the defendants.

26  ///
27  ///
28  ///

All in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 982, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
Presiding Juror

JOHN S. LEONARDO
United States Attorney
District of Arizona

/s/

Assistant U.S. Attorney

Dated:

**JUN 2 2 2016**

REDACTED FOR
PUBLIC DISCLOSURE

*United States of America v. Luis Alfonso Acuna, et al*
*Indictment Page 7 of 7*