1  Ramiro S. Flores, ABN 019773
   Law Office of Ramiro S. Flores, PLLC
2  55 West Franklin Street
   Tucson, Arizona 85701
3  Tel: (520) 884-5105
   Fax: (520) 884-5157
4  ramirofloreslaw@hotmail.com

5  Attorney for Defendant

6  **IN THE UNITED STATES DISTRICT COURT**

7  **IN AND FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  LUIS ALFONSO ACUNA, et. al.,  Defendant. | No.   4:16-cr-1255-TUC-001  **DEFENDANTS MOTION TO REVIEW DETENTION ORDER** *De Novo*  Honorable Judge James A. SOTO |

14  It is expected that excludable delay pursuant to Title 18 U.S.C. § 3161 will occur as a
15  result of this Motion.

16  COMES NOW the Defendant, Luis Acuna, by and through counsel undersigned, and
17  hereby requests this Honorable Court to review de novo the Order of Detention Pending
18  Trial, previously filed with this Court.

19  This motion is made pursuant to Federal Rules of Criminal Procedure, Rule 12(b) and
20  18 U.S.C. §3142(f) and §3145(b).  The motion is supported by the attached Memorandum of
21  Points and Authorities which is incorporated by reference herein.

22

23  **RESPECTFULLY SUBMITTED** this 7th day of December, 2016.

24  **The Law Office of Ramiro S. Flores, PLLC**

25  */s/ Ramiro S. Flores*

26  Ramiro S. Flores, Esq.
    Attorney for Defendant

27

28  DISTRIBUTION ON PAGE 2

1  I hereby certify that on December 7, 2016, I electronically transmitted the attached document to the Clerks' Office using the CM/ECF System for filing and transmittal of a Notice of
2  Electronic Filing to the following CM/ECF registrants:

3  United States District Court
   Clerk of the Court
4  Tucson, AZ

5  Ana Angulo
   United States District Court
6  Pre-Trial Services

7  Ryan P. Dejoe, Esq.
   US Attorneys Office - Tucson, AZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    LAW AND ARGUMENT:

The 9th Circuit has held that when reviewing a detention order under the bail reform act, 18 U.S.C §3141, the Court is required to:

> ...bear in mind that federal law traditionally provided that a person arrested for a non-capital offense shall be admitted to bail. Only in rare circumstances shall bail be denied. United States vs. Motamedi, 676 F.2d 1043-1044 (9th Cir. 1985)(internal citations omitted).

There are "no rare" circumstances present in this case which warrant the denial of release to residential treatment. Mr. Acuna was arrested on July 5, 2016 and charged with violation of Title 21 U.S.C. 846; Conspiracy to Possess with Intent to Distribute a controlled substance. On July 6, 2016, at his initial appearance, Pretrial services recommended Mr. Acuna's release. He was released under the supervision of pretrial services.

At the time of his release, he submitted a urine sample that tested positive for Marijuana and Cocaine which was attributed to pre-arrest use. He admitted to Pretrial services that he had a problem with drug use. Subsequently on July 21, and July 24, 2016 he submitted a positive drug sample for marijuana and cocaine. He was also seen drinking alcohol at a local restaurant. Then on September 21, 2016, he again tested positive for Cocaine and ultimately on October 26, 2106 he again tested positive for cocaine. It is clear that Mr. Acuna has a drug addiction to cocaine.

A summons was issued and the Mr. Acuna voluntarily appeared before Magistrate Bowman on October 27, 2016. He was released on his previous conditions and the Defendant requested that he be screened for suitability at a residential treatment center. Mr. Acuna wanted to voluntarily enter a residential treatment facility to help him with his drug addiction issues. He screened with CBI on November 2, 2016 and was found suitable for the program. Bed space was immediately available and all that was needed was a court order.

After some requested continuances, the violation hearing was set for December 1, 2016. During that time, Mr. Acuna continued outpatient treatment but was also preparing

for his time at the residential facility. He continued to run his business. Between October 26, 2016 and November 17, 2016 he did not submit a positive urinalysis. For some unknown reason, at the request of the pre-trial services officer, a warrant was issued on November 17, 2016.

His violation hearing was held on December 1, 2016. CBI was still willing to accept him and bed space was readily available that day. Defendant requested he be allowed to enter residential treatment because of his drug issues and since he was found suitable and bed space was immediately available. CBI is a residential 90 day program. Despite the availability of residential treatment, the Honorable D. Thomas Ferraro ordered him detained.

For the following reasons, Mr. Acuna requests the Court review *de novo* the order of detention and order Mr. Acuna released to the CBI residential treatment facility.

Mr. Acuna admitted to Pretrial Services at the time of his arrest that he was using cocaine and marijuana. It was clear that he continued to have issues with drugs given the amount of positive urinalysis. The more intensive outpatient counseling was not enough to stop his addiction. He was aware of this and that is why he requested a residential treatment screening. Mr. Acuna new that 3 months intensive residential treatment would resolve any substance abuse issues. The factor of his drug abuse was the only factor the court considered in ordering detention. However, it is also the one factor that the 3 month residential treatment would address. This fact is information regarding an important factor that has a material bearing on the court's detention decision. *See* 18 U.S.C. §3142(f). All other favorable factors for release remain the same.

His drug use was the only negative factor during his pre-trial release. Mr. Acuna is a lifelong resident of Arizona with substantial ties to the community. He is married to Dania Celaya and they have one child in common. They have a home in Tucson, Arizona. Furthermore, he has maintained steady employment as he is the owner of a mechanic shop where he was working daily before his arrest. He has no prior felony convictions and minimal misdemeanor arrests.

The indictment in this case is extensive. The charges no doubt serious and lengthy periods of incarceration can be imposed. However, Mr. Acuna is presumed innocent.

The defendant wishes to add that if this Court determines that a personal recognizance or unsecured release will not reasonably assure her appearance or will danger any other person in the community, then title 18 U.S.C §3142(c) still mandates release subject to certain conditions. This section states that the Court "shall order the pretrial release" under conditions which will "reasonably assure appearance and safety". These conditions, however, do not require a <u>guarantee of appearance</u> or safety. <u>United States v. Fortna</u>, 769 F.2d 243 (5th Cir. 1985), <u>United States v. Orta</u>, 760 F.2d 887 (8th Cir. 1985) (en banc). It simply requires a "objectively reasonable" assurance of community safety and that the defendants will appear at trial. <u>Id.</u> at 892. C.F. <u>United States v. Spilotro</u>, 786 F.2d 808 (8th Cir. 1986). 18 U.S.C. §1342(c)(1) suggests 14 conditions of release which the Court may impose including permission to "any other condition that is reasonably necessary to assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C §3142(c)(1)(B)(xiv); <u>United States v. Miller</u>, 625 F.Supp. 513 (D. Kan. 1985).

In the case at bar, the Magistrate court should have ordered Mr. Acuna into residential treatment. In counsel's experience, nearly all citizens charged in similar crimes who suffer drug addictions are afforded the opportunity for residential treatment. Mr. Acuna should be treated no differently.

**RESPECTFULLY SUBMITTED** this 7th day of December, 2016.

**The Law Office of Ramiro S. Flores, PLLC**

*/s/ Ramiro S. Flores*

Ramiro S. Flores, Esq.
Attorney for Defendant

I hereby certify that on December 7, 2016, I electronically transmitted the attached document to the Clerks' Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

United States District Court
Clerk of the Court

Ms. Anna Angulo
United States District Court

Ryan P. Dejoe, Esq.
US Attorneys Office - Phoenix, AZ